## LIKINS et ux. v. JEFFERSON STANDARD LIFE INS. CO.

### No. 6896.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1934.

Rehearing Denied March 16, 1934.

Ben H. Stone and Robert A. Stone, both of Amarillo, Tex., for appellants.

H. L. Adkins, of Amarillo, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

The Jefferson Standard Life Insurance Company filed a bill on March 21, 1932, to foreclose a deed of trust securing a loan on certain real estate owned by T. S. Likins and his wife, in Amarillo, Tex., consisting of the lots and stores erected thereon. The

parties will be referred to as they appeared in the District Court. Defendants filed answer admitting the execution and validity of the trust deed but set up the following defense: That the property was worth $93,000 but could not then be sold for more than $20,000 because under instructions from plaintiff, its agent, Abbott, late in 1930, had approached various named persons, who might be interested in the purchase of the property, and informed them that to all intents and purposes the buildings were owned by plaintiff and he had authority and power to sell them for a price equivalent to the amount of principal and interest owed on the loan; that thereby the buildings were given the character of distress property and were deprived of their fair and reasonable market value and it was impossible to rent the buildings for a term for a rental commensurate with their fair value; that because of these statements by the agent, Abbott, defendants were compelled, from time to time, to reduce the rent. The answer further alleged that these damaging statements were repeated in 1931 and 1932. The answer prayed that, because of the activities of plaintiff in this respect, the trust deed be canceled or, in the alternative, that defendants be awarded damages in the sum of $40,000, to be offset against any judgment given to plaintiff.

The District Court heard the witnesses in open court and, as appears by his findings of facts, concluded that plaintiff had been guilty of improper conduct in endeavoring to interest prospective buyers should the property be sold under foreclosure, but that due to the general depression, beginning in 1929 and extending through the period of the suit, property values and rental values in Amarillo had been greatly reduced; that the solicitation of prospective purchasers by Abbott in 1930 amounted to nothing since the delinquency was adjusted and those he had then approached were advised by him that the property was not on the market; that when the note secured by the trust deed again became delinquent the parties approached were not interested in the purchase of the property and did not communicate regarding it with any third person. The court further found that the defendants had failed to prove any actual damages, and that the plaintiff was entirely without malice, but nevertheless he awarded defendants damages in the sum of $1,000 to be offset against the recovery given to plaintiff. A decree in the sum of $39,416.84 was entered in favor of plaintiff. Defendants appeal

and assign error to the entering of the judgment, to the refusal of the court to grant them relief as prayed for, and to the exclusion of certain testimony offered.

The testimony excluded was that of two witnesses who, if they had been permitted to answer, would have stated that a rumor that Abbott was trying to sell the property for substantially what was due on it, during the fall of 1930 and during 1931, had been generally discussed among the real estate fraternity in Amarillo. It was not attempted to be shown by these witnesses that Abbott was responsible for this rumor. We find no reversible error in the exclusion of this testimony. At most it would be cumulative. If error was committed, it was harmless.

The question as to whether the District Court was right in awarding the sum of $1,000 as damages to defendants is not before us as the plaintiff has not appealed.

The record supports the findings of the District Judge and we agree with his conclusions on the facts.

The record presents no reversible error.

Affirmed.