## NEWPORT INDUSTRIES, Inc., v. CROSBY NAVAL STORES, Inc., et al.

### No. 10720.

Circuit Court of Appeals, Fifth Circuit.

Jan. 12, 1944.

Benjamin H. Sherman and Samuel W. Kipnis, both of Chicago, Ill., and R. W. Thompson, Jr., of Gulfport, Miss., for appellant.

Clarence B. Des Jardins, of Cincinnati, Ohio, Toxey Hall and Lee D. Hall, both of Columbia, Miss., B. E. Eaton and Jas. S. Eaton, both of Gulfport, Miss., and Harry C. Robb and Harry C. Robb, Jr., both of Washington, D. C., for appellees.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, plaintiff below, sued appellees for infringement of four patents having reference to wood rosin manufacture, and by amendment also sought to enjoin the use of trade secrets alleged to have been obtained from appellant's former confidential research chemist now in appellees' employ. The decree in the District Court found the patents valid but not infringed, and dismissed the claim as to trade secrets. The appeal is confined to two patents and the trade secrets claim.

The patents thus brought before us are No. 1,807,599, entitled Process of Purifying Rosin, and No. 1,794,537, entitled Process of Treating Decolorizing Agents. The former patent teaches how to take dark FF Rosin and by first removing from a solution thereof the terpenes, and passing it through fuller's earth, to remove the color and make better grades. A relatively large amount of fuller's earth is requisite, and it soon becomes choked or fouled, and the second mentioned patent is for a process of cleansing the filtering agent by means of naphtha and alcohol so as to reuse the fuller's earth or other clay indefinitely. We do not deem it necessary to go into the details of the processes and the several claims.

■■ The appellees argue that the patents are invalid for want of invention. Not having appealed from the portion of the decree upholding validity, we do not think this attack is open to them. Morley Construction Co. v. Maryland Casualty Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593. We consider the prior art and the nature of the inventions so far only as is necessary to understand and construe the patents, so as to better test the questions of infringement. It is clear as to each patent that it is not basic or primary, but was preceded by others in the same and allied fields, and that each element is old, and only modification and combination of them can be claimed to be novel. As combination patents they are to be narrowly and strictly construed, and there will be infringement only if the same steps or their precise equivalents are followed by the infringer.

The facts are fully found by the trial judge who heard the witnesses testify and observed many experiments made. There was the usual conflict of ideas and opinions among expert witnesses. We think the fact conclusions are supported by evidence and not clearly erroneous, and we accept them. They authorize the conclusion that neither patent is infringed.

■ As to the first named patent, no filtering substance is mentioned but fuller's earth, and that is mentioned more than a score of times and in each claim. Appellees use a material mined in Nevada in recent years, ground into granular form and sold under the trade name Coenite. It has been billed as "clay", but not as "fuller's earth". We do not think the trade would think an order for Coenite could be filled by shipping fuller's earth, or vice versa. We think appellant is correct in arguing that there are many varieties of clay which have been called fuller's earth, and that the term connotes not so much chemical composition as the power in practical use to absorb greases and coloring matter, and that Floridin, produced in Florida and used by appellant, is not the only clay of that kind. But we also agree with the District Judge that Coenite differs considerably from what had, before its discovery, been known as fuller's earth. The differences are both chemical, physical, and especially operational in this very field of rosin refining. Appellees themselves have obtained a patent, under which they operate, which appellant contends is but its two patents combined, using Coenite. We have no occasion to determine the validity of the patent granted to appellees, as it is junior and could not protect if there is infringement of the earlier patents, but it does seem the patent office thought there was no interference. Construing appellant's patent narrowly and strictly, we uphold the conclusion that in using Coenite the appellees do not infringe the patent which covers only the use of the well known fuller's earths.

■■ As to the second patent, non-infringement is plain. It teaches as a step in its cleansing of the filtering clay, (it uses the term clay, in addition to fuller's earth), washing it with "a mixture of alcohol and light petroleum distillate", and recommends equal parts of each. Appellees wash first with alcohol alone, and follow that with naphtha alone; and claim to get a better result. Appellant argues that since all the alcohol does not come out of the clay, the residue does make a mixture at last when the naphtha wash begins. We regard this as farfetched. The patent in teaching a mixture in recommended proportions evidently means a deliberate mixture made before the washing and not adventitious and varying mixtures that may occur when an alcohol wash is followed by a naphtha wash. That the two are different things is realy confessed by appellant in asserting that appellees' method is its trade secret, stolen from it. A process that is a secret cannot be one that is patented; because full disclosure, so that the public may know how to use it when the patent expires, is the consideration for the monopoly given the patentee for a limited time. The patentee must disclose the discovery, and the manner and process of using it, fully and clearly, so as to enable any person skilled in the art to use the same. 35 U.S.C.A. § 33. If he fails to do this the patent is void; and his monopoly can include only what he discloses. Halliburton Oil Well Cem. Co. v. Schlumberger Well Surveying Corp., 5 Cir., 130 F.2d 589; Price-Trawick, Inc., v. Gas Lift Corp., 5 Cir., 101 F.2d 134.

We think successive baths with alcohol and naphtha are not the equivalent of one bath with a mixture of the two, and the use of the former practice is not an infringement of the patent teaching the latter.

■ The claim of stolen trade secrets was dismissed on its merits, but the dismissal ought to be put on the ground of a lack of federal jurisdiction. There is no diversity of citizenship, and $3,000 is not

alleged to be involved. Jurisdiction is attempted to be sustained as of a claim arising under the patent laws; but the ground for this relief is a common law right. A trade secret, as we have pointed out above, cannot possibly be patented. This claim is a separate one, just as a suit for appropriation of literary property is separate from a suit under the copyright laws. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

Affirmed.