**KATZ v. HORNI SIGNAL MFG. CORPORATION.**

**No. 76.**

Circuit Court of Appeals, Second Circuit.

Nov. 15, 1944.

As Amended Dec. 20, 1944.

Caesar & Rivise, of Philadelphia, Pa. (Henry L. Burkitt, of New York City, and A. D. Caesar and Charles W. Rivise, both of Philadelphia, Pa., of counsel), for appellant.

Pennie, Davis, Marvin & Edmonds, of New York City (Daniel V. Mahoney and Edmund M. Squire, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Epoch-making "discoveries" of "mere" general scientific "laws," without more, cannot be patented.[1] So the great "discoveries" of Newton or Faraday could not have been rewarded with such a grant of monopoly. Interestingly enough, apparently many scientists like Faraday care little for monetary rewards; generally the motives of such outstanding geniuses are not pecuniary.[2] Perhaps (although no one really knows) the same cannot be said of those lesser geniuses who put such discoveries to practical uses. At any rate, the persons who do such lesser work are not outside our patent law.[3] And the plaintiff here, if he invented and patented the device made and sold by the defendant, which device makes a highly useful application of one of Faraday's discoveries, is such a person.

2. Defendant asserts that, even if it infringes, the patent lacks validity. Plaintiff answers that the trial court, although

---

[1] See, e. g., O'Reilly v. Morse, 15 How. 62, 112-118, 14 L.Ed. 601; Morton v. New York Eye Infirmary, 2 Cir., Fed.Cas. No.9,865; Halliburton Oil Well Cementing Co. v. Schlumberger Well Surveying Corp., 5 Cir., 130 F.2d 589, 593, certiorari denied 318 U.S. 758, 63 S.Ct. 532, 87 L.Ed. 1131; General Elec. Co. v. DeForest Radio Co., 3 Cir., 28 F.2d 641, 642, certiorari denied 278 U.S. 656, 49 S.Ct. 180, 73 L.Ed. 565.

[2] See, especially as to Faraday, Paul Douglas, The Reality of Non-Commercial Incentives in Economic Life, in the Trend of Economics (1924) Ch. V.

[3] For the reason, it is said, that a patent teaches that, by performing certain operations, certain results will be obtained. However, as John Dewey suggests, a scientific "law" means merely that, if certain operations are performed, certain phenomena will be observed. For a detailed statement of this point of view, see Bridgman, The Logic of Modern Physics (1927).

finding no infringement, found the patent valid and that, as defendant did not cross-appeal, we may not consider the issue of validity. We cannot agree. An appellee may always properly urge any basis for sustaining a judgment, including an argument rejected by the trial court.

Plaintiff cites Morley Construction Co. v. Maryland Casualty Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593. But there the facts were significantly different. There the trial court, in an action by a surety for a specific performance, held that it was not entitled to such relief but gave a decree of exoneration; the defendant appealed but plaintiff did not seek a cross-appeal; the Court of Appeals remanded with directions to modify the decree so that it would grant specific performance. The Supreme Court held that this was improper. It quoted from United States v. American Railway Express Co., 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087, to the effect that an appellee may "urge in support of the decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." [300 U.S. 185, 57 S.Ct. 327, 81 L.Ed. 593] But it held that, in the absence of a cross-appeal, an appellee may not "attack the decree with a view either to

enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below." In the American Railway Express case, the court permitted plaintiff-appellee, which had not brought a cross-appeal, to assert, in support of the decree, contentions presented in its bill of complaint which had been over-ruled by the trial court.

In Newport Industries v. Crosby Naval Stores, 5 Cir., 139 F.2d 611, 612, the court referred to a "portion of the decree upholding validity," and held that, as there was no cross-appeal, the defendant—also decreed by the lower court not to be an infringer—could not on plaintiff's appeal attack the patent's validity. In that case, defendant could have appealed, because, when the court decreed that there was no infringement it could not properly decree validity,[4] and the upper court could have entertained defendant's appeal to "direct reformation of the decree" by expunging that improper part of the decree. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263. Perhaps, then, since the defendant could, but did not, appeal, the court in the Newport Industries case correctly held that the defendant could not raise the issue of

---

[4] Because of much misunderstanding, it is desirable to quote what we said on the subject in Cover v. Schwartz, 2 Cir., 133 F.2d 541, 545, certiorari denied 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703, rehearing den. 319 U.S. 785, 63 S.Ct. 1325, 87 L.Ed. 1728: "The court, in deciding against a patentee-plaintiff, may, with propriety, hold (1) that his patent is invalid, or (2) that the defendant has not committed acts of infringement, or (3) that not only is the patent invalid but also that the defendant has not infringed; there is no requirement that the court must first pass on the issue of infringement and, if it decides that there is no infringement, must refuse to decide that the patent is invalid. Indeed, since the public is affected, there is much to be said for a decision in such a case as to the invalidity of the alleged patent monopoly (either alone or in conjunction with a decision of non-infringement) whenever the issue of invalidity is before the court and the evidence warrants such a decision. For a decision as to invalidity will tend to discourage suits against others based on that patent, and mere threats of patent suits, due to the expense of defending such litigation, may often prevent lawful competition which will be in the

public interest; the desirability of a decision as to invalidity is especially important because it is the general rule that the government cannot bring suit to have a patent declared invalid, except for fraud inducing its issuance (and perhaps in other unusual circumstances which need no discussion here). Where, however, the court finds against the plaintiff as to infringement, it cannot go on to hold in his favor as to validity. For, once the issue of infringement is decided against the patentee, there exists no case or controversy justifying a decision in his favor that the patent is valid. * * * In Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 62 S. Ct. 513, 86 L.Ed. 736, the majority of the court refused to consider whether the patent was invalid and restricted its decision to holding that there was no infringement; but that refusal was explicitly rested on the sole ground that the issue of invalidity had not been raised by petitioner in its petition for certiorari or in its brief filed in the Supreme Court."

See also Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 1117, 87 L.Ed. 1450: "To hold a patent valid if it is not infringed is to decide a hypothetical case" (citing Cover v. Schwartz, supra).

validity on the plaintiff's appeal. But, in the instant case, the court, although it made a finding of validity, notwithstanding its determination of non-infringement, did not in its decree adjudicate that the patent was valid but merely decreed a dismissal "on the merits"; accordingly, here the defendant could not have appealed. In Thacher v. Transit Const. Co., 2 Cir., 234 F. 640, 642, 645, the trial court, in its decree, had dismissed the bill "for want of infringement," and this court decided, without giving its reasons, that, as the defendant had not appealed, the question of validity could not be considered on plaintiff's appeal; this court then expressly affirmed "the decision that the patent is valid, but not infringed." We think that the Thacher case was wrong and we do not follow it.

■ 3. Accordingly, we have considered the validity of the claims in suit, 7 and 11. On that issue we agree with the trial judge, except that we add that plaintiff has achieved a real invention, unanticipated and commercially successful, which satisfied the strictest standards employed by the Supreme Court.

4. We do not, however, agree with the trial judge that defendant did not infringe. Defendant uses a compact coil in which it inserts an alloy core in order to intensify the disturbance of the field within the coil thus producing a strong E. M. F. The patent drawings and specifications disclose a large coil without a core. But two of the claims not in suit specifically speak of a "coil in the form of a large loop area," while neither claim 7 nor 11 contains such restrictive language; in addition the patent states that the invention "is not limited to the embodiments shown" and that the invention is "broad in scope and should not be limited in any sense except as defined by the following claims." Claims 7 and 11 are sufficiently broad to cover the use of a core. The basic potentable element asserted is the use of the coil. The insertion of a core within the coil for the purpose of intensifying the reaction is at best an improvement on the coil alone, and here not patented but in the public domain.

■ It is argued that plaintiff disavowed before the Examiner the use of "iron inserted in his coil." He was, however, referring not to a metallic core but to the metal constituting the coil. In any event the file-wrapper cannot be used in such manner. We have restricted its use to seeing "whether a patentee who seeks to disavow an element of his claim, was forced to introduce it in order to avoid rejection." Catalin Corp. v. Catalazuli Mfg. Co., 2 Cir., 79 F.2d 593, 594; cf. Spalding & Bros. v. Wanamaker, 2 Cir., 256 F. 530; Bassick Co. v. Faultless etc. Co., 7 Cir., 105 F.2d 228, 231.

■ Defendant argues that the statement in the claim that the induction results from "the disturbance of the earth's magnetic field normally attending the passage of an automobile" is not correct; that what actuates the coil is the "residual magnetism" in the automobile. But it is immaterial whether patentee correctly understands how his device operates. Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U.S. 428, 435-436, 31 S.Ct. 444, 55 L.Ed. 527; Proctor & Gamble Co. v. Berlin Mills Co., 2 Cir., 256 F. 23, 28, reversed on other grounds in 254 U.S. 156, 41 S.Ct. 75, 65 L.Ed. 196.[5]

Reversed with directions to enter a decree for plaintiff in accordance with this opinion.

---

[5] Leonard Lyons reports that Marconi said of the radio he invented, "Only one thing bothers me: Why do you suppose this thing really works?" New York Post, November 3, 1944.