**SHERWIN WILLIAMS CO. v. ZACHOS.**

Civil Action No. 2432.

District Court, N. D. Georgia, Atlanta Division.

Feb. 7, 1947.

C. W. Fairbank, of New York City, and W. K. Meadow, of Atlanta, Ga., for plaintiff.

Noah J. Stone, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

In this proceeding the Sherwin Williams Company seeks an injunction restraining the defendant from infringement upon Holmes Patent 2,169,952 granted to plaintiff on August 15, 1939. Only Claim One of the patent is relied upon. The defendant denies infringement and asserts the invalidity of the patent because of cited anticipations and want of invention.

The primary purpose of the Holmes claimed invention as stated in the application, "is to provide a device which can be employed in connection with an ordinary paint can into which the dealer may pour the various colors required to produce the ultimate desired shade and by which the exact amount and required portion of each constituent color may be accurately measured so that the exact amount of each constituent will be used to thereby produce an ultimate mixture of exactly the required shade." The need for a device of this character and the advantages thereof are pointed out in the specifications. To summarize, it is claimed that the device will enable a paint dealer, by employing the charts furnished by paint manufacturers, to produce practically any shade or color of paint by mixing in predetermined accurate proportion two or more of the more common or standard colors which every dealer would carry in stock, whereby he would thus be enabled to supply his customers without the necessity of carrying all of the unusual colors in stock. Sheet one of the application sets forth a drawing of one form of the claimed invention, and sheet two another embodiment of the claimed invention, the one now involved. One point at issue relates to the light transmitting element involved, and the point is made that the "synthetic resin rod adapted to transmit light axially thereof only," as employed by the device now claimed to be infringed, is not within the scope of the claim of the patent.

Without attempting a technical or detailed statement of the operation of the plaintiff's device, it may be stated that the substantial, underlying and claimed novelty and usefulness of the apparatus lies in the fact that by its use one is enabled to accurately and according to a predetermined scale, ascertain the amount of liquid in a container of known capacity, so that by setting the device at a height from the bottom of the can, predetermined by the setting of a scale, the device furnishes light in the interior before and as the liquid is poured into the container, and as the liquid approaches or touches the end of the light transmitting element, the rays of light emitted from the end thereof are shut off, thus affording a signal that the desired amount of liquid has been poured. This operation may then be repeated so as to measure and ascertain the desired percentage or proportion of other colors necessary to produce, in proper proportion, the desired combination or match of color. The shutting off of the rays when the desired quantity is poured into the can is in fact the heart of the claimed invention.

The only claim of the patent relied upon in this proceeding is claim one, as follows:

"A device for determining the height of the surface of a liquid in a container of known capacity, comprising a support adapted to be positioned in a fixed relation to an open top container, a light trans-

mitting element mounted on said support for vertical adjustment relatively thereto and projecting downwardly into the container, the lower end of said element terminating in a single plane parallel with the surface of the liquid in the container, a concealed source of light located above said plane and so positioned that the light rays therefrom are emitted from said element only at the lower end thereof and only in a downward direction, and means operated by vertical adjustment of said element for indicating the height of said lower end above the bottom of the container."

As appears from the file wrapper, the applicant was forced three times to amend or restate his claim and to restate his description and specifications. The claims as first drawn and as amended were rejected on reference to Hexter, 2,098,963; Wellington, 2,072,286; Horton, 812,269; and Morrell, 2,127,042. Of these, Morrell and Hexter are now cited by the defendant as anticipation, as are also Smith, 624,392; Jacobson, 1,292,326; Hipp, 1,926,945, and though not plead, Baddorf, 2,028,430 was submitted by consent of the plaintiff. Examination of the original and subsequent claims fail to disclose however that the applicant abandoned any material element or feature of his claimed invention so as to affect the scope and nature of his claim as finally allowed.

The device embodying the features of the drawing and specifications of Holmes has been commercially successful, and approximately 12,000 of such devices have been manufactured and sold throughout the United States.

The device of the defendant which it is claimed infringes the plaintiff's patent, is made by him.

Consideration of the entire case clearly discloses that the material question relates to the validity of the plaintiff's patent. It is conceded by the plaintiff that admittedly the prior art shows that some of the elements embraced in the claim were individually old, but it is strenuously insisted that the combination was new, and brought together for the first time elements which as a unitary whole produced new and useful results in a new and different manner.

Defendant testified in general terms that he had been working upon models of his device since 1930, and had made additional models in 1937. However, no physical exhibits were presented, nor was there any detailed evidence or corroboration as to carry the heavy burden imposed upon defendant to establish prior use.

Only three of the cited anticipations are deemed sufficiently pertinent as to require consideration. Two of them were before the patent office, that is, Morrell, No. 2,127,042, and Hexter, No. 2,098,963, as above stated. Smith, No. 624,392, teaches the use of a glass rod, the equivalent of a synthetic resin rod, as a means of transmitting light to the end of the rod away from the source of light. It is for an entirely different purpose, relating as it does to a "surgical lamp," and as stated by the testimony of the plaintiff's expert: "The Smith patent does not teach that a device of the type that it discloses may be used as an indicator, to shine upon a surface and to indicate when the surface comes in contact with the lower end of a tube." This latter is one of the more novel results obtained by the Holmes device. Hexter's device, except for the light feature, and the means for accurately determining when the liquid in the container has reached the desired amount previously determined, does teach a means of measurement and ascertainment of the height of the liquid in the container. Morrell teaches the use of a light as a means of vision and in connection with a scale. He does not, however, combine the advantage of a light emitted only from the lower end of the light transmitting element, nor means whereby the rays are diminished or entirely cut off when the liquid reaches the desired height. Furthermore, the Morrell and Hexter devices were expressly considered by the patent office and found not to anticipate the plaintiff's device. Therefore, even though some of the elements of the plaintiff's claim are old and were well known at the time his application was made, in view of the novelty of the combination and the results obtained, which in totality differ entirely from any prior device for a similar purpose, it is concluded that the determination of the patent

office of the patentability of the device, as evidenced by the grant of claim one of the patent, is proper and that the plaintiff's claim and device is not invalid for want of invention.

▇ Defendant contends that the device of the plaintiff is not constructed within the terms of the patent because by the use of the synthetic rod as a light transmitting element the light is not transmitted *only* from the lower end of the rod as required by the wording of the claim. However in view of the testimony in the case and as is also commonly known, such rods are not 100% efficient in carrying all of the light to the lower end. In view of this well known fact, and the further fact that such a rod is referred to in the specification, the claim must be read as meaning that substantially all of the light is carried to the lower end, and that the real emission of light is only from the lower end, and that such amount of light as is emitted longitudinally of the tube is only that resulting from the transmittal of light through the rod only in accordance with the natural properties of such a rod.

Claim one of the Holmes patent is broad enough to, and does, cover the embodiment of the device shown on sheet two of the drawing of the patent. The specifications refer to two forms of the device, and the claim should be construed in the light of the specifications. Furthermore, it is clear from the evidence that the device shown on sheet two, and here now involved, is clearly within the scope of claim one, but cannot be read upon claims two or three. Claims two and three are limited to the device in the form illustrated on page one of the drawings and the limitation expressed on these two claims, but not expressed in claim one, is not to be read into claim one by implication. As stated, claim one, read in the light of the specification, is sufficiently broad to cover the embodiment of the device disclosed by sheet two of the drawing, and the device of the plaintiff manufactured thereunder.

No invalidity of claim one of the plaintiff's patent has been shown.

▇▇ There remains the question of infringement. With the validity of claim one of plaintiff's patent established, there is no possible escape from the fact that the defendant's device infringes. Each element of the claim is readable upon the defendant's device even without the aid of expert testimony. Therefore the fact that defendant's device may have been made in accordance with the claims of a patent issued to him, but junior to the Holmes patent, does not enable him to avoid the consequences of infringement. It is true that in some ways the construction of the defendant's device differs from that of the plaintiff, but in substance his device performs the same function, in substantially the same way, for substantially the same purpose, as does the plaintiff's device. The addition to his device as provided in the patent, consists in a change of the shape and position of the Holmes scale, and of means for throwing light upon his scale, whereas Holmes uses an additional light to that employed as means of illumination of the light transmitting element. Zachos also provides a means for locking the standard upon which the light transmitting element is mounted in an adjustable position, and this is not disclosed by Holmes. However, as said by the Circuit Court of Appeals of this Circuit in Newport Industries, Inc., v. Crosby Naval Stores, Inc., 5 Cir., 139 F.2d 611, 612, "We have no occasion to determine the validity of the patent granted to appellees, as it is junior and could not protect if there is infringement of the earlier patents * * *." This is the law in this Circuit and is of course controlling here. Infringement is found as above stated.

The plaintiff is entitled to a decree determining the validity of Claim One of its patent, and a further determination that this claim of its patent is infringed by the device of defendant, and, that further infringement should be enjoined, and a decree carrying into effect these findings may be presented, after notice.