234

### ZACHOS v. SHERWIN–WILLIAMS CO.
### No. 12092.

Circuit Court of Appeals, Fifth Circuit.
Nov. 18, 1947.
Judgment Suspended Feb. 5, 1948.

Devereaux F. McClatchey, E. T. Newton, and Noah J. Stone, all of Atlanta, Ga., for appellant.

Clair W. Fairbank, of New York City, and William K. Meadow, of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

■ In the district court the validity of Claim 1 of the Holmes patent No. 2,169,952 owned by appellee was held valid and infringed by a device made and used (under a junior patent) by appellant. The devices are useful mainly in mixing paints by volume so as to obtain accurately desired shades, and consist essentially of a light-transmitting rod or tube lowered into an otherwise dark container of known capacity to a measurable depth, so that the light at the end is extinguished just as the surface of the paint or other liquid which is being poured in rises to the end of the light-bearing rod or tube. The opinion of the district judge, reported in Sherwin-Williams Co. v. Zachos, D.C., 70 F.Supp. 986, we find convincing and sufficient, so that little more need be said.

■ We agree with most of the legal positions taken here by appellant, such as that the Holmes patent is for a combination, in a field narrowed by previous patents, particularly that to Hexler, No. 2,098,963, who measured the liquids by using light from outside the container to observe the contact of his measuring scale with the surface of the liquid; and that to Morrell, No. 2,127,042, who used a light in a housing at the lower end of the measuring rod, perforated laterally so as to give light inside the container, and also at the bottom so as to see the approach of the surface of the liquid to be measured. Holmes got his patent over Morrell only by limiting his claims so as to describe the source of light as a "light-transmitting element * * * projecting downwardly into the container, the lower element terminating in a single plane parallel with the surface of the liquid in the container, a concealed source of light located above said plane and so positioned as that the light rays therefrom are emitted from said element only at the lower end thereof and only in a downward direction. * * *" It was evidently thought that the lateral perforations of Morrell and the general illumination inside the container tended to blind the operator and make accurate observation difficult. Holmes must stand by the limitations thus made to obtain his patent. We agree also that the junior patent granted Zachos is no defense if he is infringing on Holmes. The Zachos patent indeed may be an improvement on Holmes, since he so manages his light as

to enable one to read the measuring scale where it enters the container, as well as to illuminate its end as it is approached by the liquid; but an improver must respect the rights of the patent on which he improves. And we agree that a wide range of equivalents is not proper to be allowed in considering narrow combination patents. But we think the lucite rod used by Zachos is not properly a mere equivalent but is one form of the "light-transmitting element" as described and claimed by Holmes. The old patent to Smith May 2, 1899, No. 624,-392, teaches that a polished transparent rod can be used to transmit light to its end without heating it, and he applied this principle to exploratory surgical instruments. Holmes refers to this kind of rod in his specification, for while he generally speaks of his "light-transmitting element" as a tube which, though of opaque material, would transmit light through its bore for emergence only at its end, yet he expressly says: "This element may, if preferred, be a hollow tube such as the tube previously described, or *as here illustrated* a synthetic resin rod adapted to transmit light axially thereof, or it may consist of any other light transmitting medium." Lucite is a synthetic resin, and the polished rod of Zachos is what Holmes showed in his drawing. It is thus not a question of equivalents, but of Holmes having included such a rod in his patent.

The main argument made to us is that such a rod, especially if tapered for a short distance from the end, as in the devices made by Zachos, is not included in the Holmes claim for a lighting element "terminating in a single plane" and from which "the light rays are emitted *only* at the lower end and *only* in a downward direction", because such a rod is faintly luminous for its whole length, and if tapered at the end the intense light of the extreme end of it extends faintly over the taper. This fact was demonstrated before us. But we think the faint luminosity along the length of the rod, due to imperfect polish as we understand, is not the *emission of light rays* spoken of in the claim, nor ought the brighter appearance of the taper to be so considered, since the true emergence of the rays continues to be at the extreme end.

We do not think this patent ought to be so whittled down, nor that infringement can be escaped by thus tapering the rod described by Holmes, even though the modification, as is argued, may be a slight improvement, by affording some little light in the container after that of the extreme end of the rod is cut off by contact with the liquid.

The district court did not abuse its discretion in refusing to grant another trial for the newly discovered evidence proffered.

The judgment is affirmed.