IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-30426
Conference Calendar

---

ROBERT JACKSON, III,

                                        Plaintiff-Appellant,

versus

CADDO CORRECTIONAL CENTER,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-2275
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert Jackson, III, Caddo Correctional Center (CCC) #383663, appeals from the dismissal of his 42 U.S.C. § 1983 action as frivolous; the denial of his petition for mandamus relief; and the dismissal of a constructive habeas corpus claim for failure to exhaust state-law remedies. Jackson moves for injunctive relief; his motion is DENIED. Jackson contends that the district court erred by dismissing his mandamus petition on jurisdictional grounds; that the district court erred by construing a request for release from imprisonment as a habeas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corpus claim; and that his rights to due process and self-representation are being denied by restrictions on his access to the CCC's law library or to legal materials.

The district court lacked jurisdiction to order mandamus relief ordering more law-library access for Jackson. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1976). Jackson explicitly disclaimed seeking habeas relief in his objections to the magistrate judge's report. Because Jackson abandoned any habeas claims, the district court need not have considered those claims.

Jackson had not been convicted when he sought relief in the district court. District courts should abstain from entertaining claims that implicate the integrity of pending state-court criminal proceedings but may retain jurisdiction if the plaintiff has alleged sufficient injuries to justify a retention of jurisdiction. *See Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997)(en banc), *cert. denied*, 522 U.S. 1058 (1998). Jackson waived representation by appointed counsel; he "had no constitutional right to access a law library in preparing the pro se defense of his criminal trial." *Degrate v. Godwin*, 84 F.2d 768, 769 (5th Cir. 1996). Jackson therefore did not allege sufficient injuries to justify a retention of jurisdiction.

AFFIRMED.