IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11272

Summary Calendar
_____

JUDITHA N WAYNE,

Plaintiff-Appellant,

v.

ABILENE REGIONAL MENTAL HEALTH
AND MENTAL RETARDATION CENTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(1:96-CV-201)
_____
June 19, 1998
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Juditha N. Wayne appeals the district court's denial of her motion for extension of time to file notice of appeal. We dismiss this appeal for lack of jurisdiction due to its untimely filing.

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Juditha N. Wayne, acting pro se, filed a Title VII employment discrimination suit against her employer, Abilene Regional Mental Health and Mental Retardation Center (MHMR). Wayne's complaint alleged that she was terminated because of her race and her office associations with a co-worker.  The district court granted Wayne's motion to proceed in forma pauperis but denied her motion for court-appointed legal counsel.  After discovery, MHMR filed a motion for summary judgment which the district court granted on June 2, 1997.  On July 31, 1997, Wayne filed a motion to extend time to file notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) on the basis of excusable neglect, which the district court denied.

Concurrent with her Rule 4(a)(5) motion, Wayne filed a notice of appeal for the original June 2, 1997 judgment.  She addressed the notice to the "Temporary Emergency Court of Appeals of the United States," and the district court forwarded it to the United States Court of Appeals for the Federal Circuit.  The Federal Circuit determined that it did not have jurisdiction to hear a Title VII appeal and that it was not in the interest of justice to transfer an untimely notice of appeal to the Fifth Circuit.  The Federal Circuit accordingly dismissed the appeal. On November 4, 1997, Wayne filed a second notice of appeal with the district court, requesting that the Fifth Circuit review the district court's October 3 denial of her Rule 4(a)(5) motion.

## II. DISCUSSION

MHMR claims that this court lacks jurisdiction over Wayne's November 4 appeal because it was filed more than thirty days after the October 3 order and is therefore untimely. Wayne does not address this issue.

Timeliness of a civil appeal is governed by Federal Rule of Appellate Procedure 4(a)(1), which states that notice of appeal "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1). Adherence to the prescribed time limit is "mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 224, 229 (1960); See also Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (citing Robinson, 361 U.S. at 229); RTC v. Northpark Joint Venture, 958 F.2d 1313, 1316 (5th Cir. 1992) (describing timely filing as a mandatory precondition to the exercise of jurisdiction); cf. Marts v. Hines, 117 F.3d 1504, 1513-14 (5th Cir. 1997) (Garwood, J., dissenting) (outlining the history of Rule 4). Therefore, compliance with the timing of a notice of appeal under Rule 4(a)(1) is crucial. See 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 303App.01[2] (3d ed. 1998). Additionally, the Court of Appeals has no authority to extend the time in which to file an appeal. FED. R. APP. P. 26(b).

As stated above, the district court entered its final order denying Wayne's Rule 4(a)(5) motion on October 3, 1997.

Consequently, Wayne was required to submit her appeal within thirty days after the date of the order, or no later than November 2, 1997. However, November 2 fell on a Sunday, giving Wayne an extra day to submit her notice of appeal, as permitted by Federal Rule of Appellate Procedure 26(a). Wayne did not file her appeal until Tuesday, November 4, 1997, which was a day late. Consequently, we lack jurisdiction to rule on the merits of Wayne's appeal of the district court's denial of her Rule 4(a)(5) motion.

## III. CONCLUSION

For the foregoing reasons, we DISMISS Wayne's appeal for lack of appellate jurisdiction.