IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30787
Conference Calendar
_____

DONNIE LEE THOMAS,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; PEGGY LANDRY; GRETCHEN MCCARSTEL;
JOHN DOES, 1-5; JANE DOES, 1-5; FRED Y. CLARK;
BILL TUGGLE; HENRY L. GOINES; LOUISIANA DEPARTMENT
OF PUBLIC SAFETY; LOUISIANA DEPARTMENT OF PROBATION
& PAROLE; DON HATHAWAY,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-515
- - - - - - - - - -
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Donnie Lee Thomas, Louisiana prisoner #106606, appeals the

dismissal without prejudice of his complaint filed pursuant to 42

U.S.C. § 1983.  The district court determined that Thomas's civil

rights complaint should be dismissed as frivolous for failure to

satisfy Heck v. Humphrey, 512 U.S. 477 (1994), and that insofar

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as his complaint could be construed as a federal petition for habeas corpus relief, it should be dismissed for failure to exhaust state-court remedies.

Thomas's motions for appointment of counsel are DENIED.

Thomas challenges the district court's reliance on Heck. Because, however, a judgment in Thomas's favor would necessarily imply the invalidity of the revocation of his release and the resulting loss of good-time credits, his claims for declaratory relief and monetary damages fall within the parameters of Heck. See Edwards v. Balisok, 520 U.S. 641, 647-48 (1997). Accordingly, the district court did not abuse its discretion in dismissing the civil rights action. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

The district court also determined "that with respect to the possible petition for habeas corpus," Thomas's petition should be dismissed without prejudice for failure to exhaust state-court remedies. Thomas offers no convincing argument that the district court erred in reaching this conclusion.

The district court dismissed Thomas's complaint without prejudice; however, because the complaint is premature under Heck, the dismissal should have been with prejudice. Boyd v. Biggers, 31 F.3d 279, 283-84 (5th Cir. 1994). Although there is no cross-appeal, the dismissal of Thomas's 42 U.S.C. § 1983 complaint is MODIFIED from "without prejudice" to "with prejudice as frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Marts v. Hines, 117 F.3d 1504, 1505-06 (5th Cir. 1997)(en banc).

Thomas's appeal is without merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The district court's dismissal of the present case and our dismissal of this appeal count as two strikes against Thomas for purposes of 28 U.S.C. § 1915(g). We caution Thomas that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.