# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

Lyle W. Cayce
Clerk

No. 12-41094
Summary Calendar

TROY LEE PERKINS,

Plaintiff-Appellant

v.

BRAD LIVINGSTON; TIMOTHY C. SIMMONS; V. MILLER; KARLA BURLESON; BRANDI MOSELEY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:12-CV-121

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Troy Lee Perkins, Texas prisoner # 1480826, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint in which he sought to challenge a prison disciplinary case for threatening an officer. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denied Perkins's motion for leave to proceed IFP on appeal and certified that the appeal was not taken in good faith.

Perkins merely states that he contests the district court's certification decision. He does not set forth the nature of the issues he intends to raise on appeal, and he particularly fails to address the grounds upon which the district court dismissed his § 1983 complaint and denied his IFP motion. Consequently, Perkins has abandoned his district court claims, as well as any challenge to the district court's certification. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As Perkins has not demonstrated that he will raise a nonfrivolous issue on appeal, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), his motion to proceed IFP is DENIED. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The district court dismissed Perkins's complaint without prejudice; however, because the complaint, as found by the district court, is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994), and Perkins has abandoned any challenge to the district court's decision, the dismissal should have been with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994). Although there is no cross-appeal, the dismissal of Perkins's § 1983 complaint is MODIFIED from "without prejudice" to "with prejudice as frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Marts v. Hines*, 117 F.3d 1504, 1505-06 (5th Cir. 1997) (en banc).

The district court's dismissal of Perkins's complaint counts as a strike for purposes of § 1915(g), as does this court's dismissal of the instant appeal. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Perkins is WARNED that if he accumulates three strikes, he may not proceed IFP in any

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).