# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2017

Lyle W. Cayce
Clerk

MITCHELL STEVENS,

Plaintiff - Appellant

v.

DARREL VANNOY, Warden; CHAD MANSINNI, Warden; TROY PORET, Warden; UNKNOWN DUPONT, Warden; ORVILLE LAMARTIANEER, Warden; CRUZ, Colonel; UNKNOWN ROBINSON, Colonel; CHAD ORBRA, Lieutenant Colonel; SHELTON SCALES, Major; WILLIAM ROSSO, Captain; MAGAN SHIPLEY, Class. Officer; FAIRCHILD, Class. Officer; UNKNOWN BOUDROUX, Sec. Officer Staff Sergeant; UNKNOWN PIGEON, Lieutenant; SHERWOOD PORET, Registered Nurse; MELANIE BARTON, Registered Nurse; JAMES LABLANC, Sec.; ALL WHO ADMINISTER SHOTS SINCE 2002; AMY ZAUNBRACHER, Registered Nurse,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-204

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mitchell Stevens, Louisiana prisoner # 78189 proceeding *pro se*, appeals the district court's order denying his motion to proceed *in forma pauperis* (IFP)

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

in a 42 U.S.C. § 1983 action.  Stevens claims he was forced to undergo tuberculosis testing against his will, in violation of, *inter alia*, the right to free exercise of his religion and the Due Process Clause.

He, however, had already filed an action raising substantially similar claims, and also sought to proceed IFP.  The court dismissed the prior complaint, without prejudice, for failure to exhaust administrative remedies, but with prejudice to refiling the complaint IFP.

For the instant action, a magistrate judge determined that, although Stevens named additional defendants and raised allegations post-dating the prior action's dismissal, he nonetheless should not be allowed to circumvent the prior sanction.  Based on this conclusion, the magistrate judge denied Stevens' IFP motion.  Stevens objected, but the district court adopted the magistrate judge's recommendations.

Stevens timely filed a notice of appeal and, again, filed a motion to proceed IFP with the district court.  The court denied the motion, and certified the appeal was not taken in good faith because it was taken from a non-appealable interlocutory order.  Our court, however, granted Stevens' motion to proceed IFP on appeal in the instant action.

Stevens contends his instant complaint involves claims for conduct occurring after the dismissal of his prior complaint and, thus, the court abused its discretion in dismissing this complaint based on its order in his prior action. He contends he raises new claims based on physical abuse and disciplinary actions and punishment in violation of his rights to due process, to practice his Mazarite religion, to engage in free speech, in addition to his right to be free from cruel and unusual punishment.

Although Stevens again seeks to enjoin defendants from subjecting him to tuberculosis testing, he presents new factual allegations against new and former defendants based on conduct occurring after the initial complaint was

dismissed. The court's prior order was issued with prejudice to refiling the same complaint IFP, and thus, precluding Stevens from raising the same claims in another IFP action. *See Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997). Insofar as Stevens presented new factual allegations and claims not included in his original complaint, the court abused its discretion in denying Stevens the right to proceed IFP in district court based on its prior ruling. *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981).

VACATED and REMANDED.