# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2022

Lyle W. Cayce
Clerk

No. 22-50240

Alejandro Hernandez,

*Plaintiff—Appellant*,

*versus*

El Pasoans Fighting Hunger; Jose "Abe" Gonzalez;
Susan E. Goodall,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-55

Before King, Stewart, and Haynes, *Circuit Judges*.[*]

Per Curiam:[**]

Alejandro Hernandez, proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his complaint with prejudice. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

---

[*] Judge Haynes concurs in the judgment only.

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50240

## I.

In March 2021, Plaintiff-Appellant Alejandro Hernandez, proceeding *pro se*, filed a single-count complaint against Defendants-Appellees seeking injunctive relief for violations of the Americans with Disabilities Act ("ADA"). After Hernandez filed an application to proceed *in forma pauperis*, the district court referred the application to a magistrate judge. The district court also directed the magistrate judge to consider whether Hernandez's action should be dismissed under the *in forma pauperis* statute, 28 U.S.C. § 1915. Hernandez subsequently amended his complaint (as amended, the "Complaint") after his application to proceed *in forma pauperis* was granted. In his Complaint, Hernandez alleges that he suffers from asthma exacerbated by breathing difficulties caused by a deviated septum in addition to severe PTSD, chronic anxiety, and "panic triggers" that "hinder breathing abruptly" and disrupt "other normal daily functions," all of which "substantially limit most major life activities with distress." Hernandez alleges that he is unable to wear a face covering for "medical reasons," *i.e.*, due to his disabilities. Defendants-Appellees are a food bank, El Pasoans Fighting Hunger ("EPFH"), and two of its employees, Jose "Abe" Gonzalez and Susan E. Goodall (collectively, the "Defendants").

EPFH operates "walk-up locations" where it distributes food to those who are in need. During the COVID-19 pandemic, EPFH had a policy requiring all food recipients to wear a face covering while at a walk-up location. On January 13, 2021, Hernandez alleges that he went to one of EPFH's walk-up locations in El Paso, Texas without wearing a mask. According to Hernandez, he was "pushed by an attendant working for the Defendants, experienced shaming in the form of name calling," and was publicly "labeled with demeaning, humiliating and degrading language and treatment" while attempting to receive food at the El Paso walk-up location. Hernandez also alleges that he had been previously "physically pushed out

of the building by a male staff member" at the El Paso walk-up location on or about January 10, 2021. Accordingly, Hernandez asserts that Defendants have prevented him from accessing their food services by denying him entry to walk-up locations.

The Complaint also describes Hernandez's "good faith effort[s]" to resolve this dispute with Defendants. Hernandez spoke to numerous EPFH employees on multiple occasions, including Goodall and Gonzalez, explaining the nature of his disability; Gonzalez, however, denied any wrongdoing. Instead, Hernandez alleges that Gonzalez "violated [Hernandez's] privacy by making public searches about [him] to determine whether he was the property owner of the residence where he lives" and whether Hernandez owned a vehicle as well. Hernandez also alleges that EPFH's website "provides no information on reasonable accommodations for persons who cannot wear face covering[s]." Hernandez, however, admits that he "was told that he could register for home delivery as a reasonable accommodation." But he alleges that he only received food via home delivery once after registering for the service in November 2020. According to Hernandez, he brought this issue to Defendants' attention and requested that he alternatively be allowed to receive "curb side service" beside a walk-up location but that Defendants refused, citing the current home delivery accommodation as good enough.

Hernandez seeks an injunction requiring Defendants to allow him to benefit from their food services without wearing a face covering. Additionally, Hernandez requests that the court "provide clear protocols" to Defendants, if necessary, and direct Defendants to "train their staff about its legal obligations and to post and disseminate notice to . . . all pertinent staff regarding their legal obligations under the ADA."

On March 10, 2021, the district court referred Hernandez's Complaint to the magistrate judge to determine if the Complaint should be dismissed under 28 U.S.C. § 1915(e). On April 23, 2021, the magistrate judge issued his report and recommendations, recommending that the Complaint be dismissed without prejudice as frivolous and for failing to state a claim. The magistrate judge reasoned that while Hernandez was able to sufficiently allege the first two prongs of his ADA claim—that he has a disability and that "food banks are places of public accommodation under the ADA"—the Complaint failed to demonstrate that Defendants took adverse action against him because of his disability. The magistrate judge explained that because the law does not require a business to "modify or alter the goods and services that it offers in order to avoid violating" the ADA, Defendants were under no obligation to alter their masking policy.

On July 1, 2021, the district court issued an order, accepting in part and rejecting in part the magistrate judge's report and recommendations. First, the court explained that the Complaint did not sufficiently allege how Defendants failed to provide Hernandez with a reasonable accommodation. Specifically, the court pointed to the paucity of facts surrounding Defendants' response to Hernandez's complaints that he had not been receiving food deliveries. Rather, the court determined that the Complaint merely stated in a conclusory manner that Defendants failed to provide a reasonable accommodation to Hernandez. The court also found that EPFH's website showed that, in addition to home delivery, EPFH offered a "Mobile Pantry" service where "people can alternatively pick [food] up via a 'drive thru' without the need to enter [EPFH's] facilities," further refuting Hernandez's contention that Defendants failed to provide reasonable accommodations. The court noted that although Hernandez is entitled to a reasonable accommodation, this is not necessarily commensurate with his preferred accommodation, *i.e.*, curb side service. The court also ruled that

the magistrate judge was correct in that the law does not require Defendants to alter their masking policy for Hernandez.

Second, and after already holding that the Complaint failed to state a claim, the court also determined that Hernandez failed to establish that he had Article III standing to bring his claim. The court held that Hernandez could not show that there was a threat of future discrimination, *i.e.*, an injury-in-fact, relying on the same information from EPFH's website—the Mobile Pantry service—that it had used to refute the Complaint's allegations that Defendants failed to provide a reasonable accommodation. The court also ruled that the accommodations listed on EPFH's website mooted Hernandez's claim for injunctive relief. The court thus dismissed the Complaint as frivolous but deviated from the magistrate judge's recommendation by ordering that the Complaint be dismissed with prejudice. The court reasoned that there is a presumption to dismiss frivolous cases with prejudice unless the court provides an explanation as to why an exception is warranted. The court declined to provide such an explanation, noting that the magistrate judge did not do so as well.

On appeal, Hernandez asserts that his Complaint states a claim and is not frivolous, and that the district court erred when it took judicial notice of EPFH's website to refute the Complaint's allegations.

## II.

A court may dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* "at any time" if it determines, *inter alia*, that the action is frivolous or the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Accordingly, a court may examine the frivolity of such a suit before service of process has been effectuated. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This is one of those cases; here, the magistrate judge ordered that service of process should not issue until he

determined whether Hernandez's Complaint had merit. In these cases, "[d]ismissal is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.'" *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Under Title III of the ADA ("Title III"), "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A successful claim under this provision must satisfy three elements: (1) the plaintiff has a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminates against the plaintiff in connection with that public accommodation based on the plaintiff's disability. *Accord Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1076 (8th Cir. 2006); *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1231 (11th Cir. 2021); *see McNeil v. Time Ins. Co.*, 205 F.3d 179, 186 (5th Cir. 2000). The district court held that Hernandez adequately pleaded the first and second elements of his claim. At issue on appeal is the court's determination that the Complaint was deficient in pleading the third element. But the court's analysis went beyond the sufficiency of the Complaint's factual allegations; it also dismissed the Complaint for lack of subject matter jurisdiction.

"[W]hen the issue of jurisdiction is intertwined with the merits, district courts should deal with the objection as a direct attack on the merits of the plaintiff's case under . . . [Federal Rule of Civil Procedure] 12(b)(6)." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (internal quotations omitted); *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th

1013, 1019 (5th Cir. 2022); *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). Here, the district court held that the Complaint failed to state a claim for the same reason that it held Article III standing was wanting—the factual allegations were insufficient to show that Defendants failed to provide a reasonable accommodation. Additionally, those holdings relied on the same facts—which the court found on EPFH's website—to refute the Complaint's allegations. The court did not address, however, whether the jurisdictional and merits issues should be dealt with simultaneously. Without explanation, the court began its analysis by addressing the Complaint's failure to state a claim. Only after completing its 12(b)(6) analysis did the court turn to Hernandez's standing. If these two issues are distinct, the court should have addressed them in reverse order: first, the court should have ruled on whether it had subject matter jurisdiction, and then, only if it had ruled in the affirmative, should it have assessed whether the Complaint failed to state a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (internal quotations omitted)); *see e.g.*, *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) ("We must first consider the threshold question of jurisdiction.").

Yet, despite this apparent oversight, an accessible offramp is in reach. On a typical motion to dismiss for failure to state a claim, a complaint's factual allegations are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage of the proceedings, a court is confined to a limited factual universe: "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). A court may also consider "[d]ocuments that a defendant attaches to a motion to dismiss," which "are

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Citing this last exception, the district court made findings of fact based on information it found on EPFH's website, implying that it considered the website central to Hernandez's claim. The entirety of the district court's standing and mootness analyses is dependent on these factual findings. Likewise, much of the court's analysis concerning whether the Complaint states a claim relies on these findings as well.

Hernandez now argues that it was improper for the court to make these findings. If Hernandez is correct, then he would indeed have standing, his case would not be moot, and the remaining issue would be whether the Complaint states a claim. Accordingly, we will first consider whether the district court was permitted to rely on its factual findings. If not, we need not determine whether "the issue of jurisdiction is intertwined with the merits" (nor whether this action is moot). *S. Recycling*, 982 F.3d at 379 (internal quotations omitted).

## A.

Hernandez argues that EPFH's website is not central to his Complaint, and therefore, the district court should not have incorporated it into its analysis. The Complaint states that "EPFH operates a website which provides no information on reasonable accommodations for persons who cannot wear face covering [*sic*]." This fact forms part of the basis for Hernandez's argument that Defendants failed to provide him with a reasonable accommodation. If EPFH's website contradicts the Complaint's allegations, the remaining allegations supporting his claim cannot stand. The Complaint recounts Hernandez's communications with EPFH's staff.

No. 22-50240

According to the Complaint, Defendants told Hernandez that he could register for home delivery, but the Complaint alleges that this was not a reasonable accommodation. But Hernandez admits that he is familiar with EPFH's website. And the Complaint alleges that Hernandez checked the website for reasonable accommodations. Therefore, if a reasonable accommodation was listed on the website, Hernandez would be expected to inquire as to its availability when communicating with EPFH staff. *See Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997) ("The plaintiff has the burden of proving that a modification was requested and that the requested modification is reasonable."). There can be no Title III claim if the Complaint cannot show that Hernandez met his burden. Accordingly, EPFH's website is central to the Complaint because the veracity of the relevant factual allegations depends on Hernandez's knowledge of the website.

What is troubling, however, is that we cannot locate the information the district court cited on EPFH's website. The court held that Defendants offered individuals like Hernandez reasonable accommodations because "their website indeed shows that due to COVID-19, Defendants do offer services such as . . . a 'Mobile Pantry' program in which people can alternatively pick [food] up via a 'drive thru' without the need to enter [Defendants'] facilities," in addition to the home delivery program.[1] Hernandez asserts that the link cited by the court does not mention the availability of the Mobile Pantry program. We agree. The article does not refer to the Mobile Pantry program by name, nor does it describe a similar

---

[1] *See* EPFH, *El Pasoans Fighting Hunger Food Bank's Response to COVID-19 (Coronavirus)*, https://elpasoansfightinghunger.org/details/news/el-pasoans-fighting-hunger-food-banks-response-to-covid-19-coronavirus (last visited Nov. 21, 2022).

initiative. Therefore, the district court erred in considering these proffered facts.

The entirety of the district court's standing and mootness analyses relied on its factual findings from EPFH's website. As we have determined that those factual findings were unsupported, we reverse the court's order to the extent it depends on either analysis. We accordingly turn to the court's decision to dismiss the Complaint for failure to state a claim.

**B.**

We review a § 1915(e)(2)(B)(ii) dismissal for failure to state a claim *de novo* using the standard applicable to Rule 12(b)(6) dismissals. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021), *cert. denied sub nom. Butler v. Porter*, 142 S. Ct. 766 (2022), *reh'g denied*, 142 S. Ct. 1224 (2022). To overcome a motion to dismiss, a complaint must allege enough facts, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "detailed factual allegations" are not required, the complaint must include "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Conclusory statements or "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint pleading facts "that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Whether the

plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Additionally, the pleadings of a *pro se* litigant such as Hernandez "are construed liberally." *Butler*, 999 F.3d at 292 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)).

The district court held that the Complaint contained insufficient factual allegations regarding the third prong of a Title III claim—the discrimination prong. Discrimination under Title III includes:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

42 U.S.C. § 12182(b)(2)(A)(ii). Hernandez claims that because he was unable to comply with EPFH's masking requirements on account of his disability, which precluded him from benefiting from EPFH's services, Defendants were obligated to make reasonable modifications to accommodate him. The Complaint alleges that Defendants offered Hernandez a reasonable accommodation in the form of home delivery once he had initiated communication with EPFH staff. But Hernandez contends that the Complaint also alleges that the home delivery program was ineffective. The Complaint states that Hernandez "register[ed] for home delivery . . . in November [2020] and only received food once since that time." The Complaint then states that when Hernandez "informed Defendants about this fact, . . . Defendants refused to provide a reasonable accommodation." The Complaint provides only one additional detail concerning this interaction: Hernandez requested that Defendants

alternatively allow him to receive curb side service, but "once again the Defendants refused to provide this reasonable accommodation citing their practice as 'good enough.'"

These allegations are insufficient to show that Hernandez was denied a reasonable accommodation. Hernandez does not explain how Defendants responded to his complaint regarding the infrequency of home delivery, apart from the legal conclusion that they "refused to provide a reasonable accommodation." There are no allegations describing Defendants' actual response. Hernandez's characterization of Defendants' response necessitates an inferential leap beyond the bounds of a well-pleaded complaint. A court need not substitute legal conclusions for factual allegations. *Iqbal*, 556 U.S. at 678. Tellingly, Hernandez provides a factual allegation in describing Defendants' response to his suggested alternative, *i.e.*, curb side service—that home delivery was "good enough." This allegation also demonstrates that Defendants relied on home delivery as a reasonable modification to their masking policies that could not otherwise accommodate individuals with disabilities like Hernandez. Thus, the Complaint would likely be well pleaded had it alleged facts showing that Defendants refused to ensure that home delivery was an effective alternative. But this link in the logical chain is not supported by any factual allegations. Therefore, the Complaint fails to state a claim and we affirm the district court's holding in this respect.[2]

---

[2] Hernandez also challenges the district court's determination that Defendants were not required to provide Hernandez with a reasonable accommodation, in part, because "exempting [Hernandez] from [EPFH's] mask policy would pose a direct threat to the health and safety of others . . . due to the COVID-19 pandemic." We need not reach this issue as there is a sufficient basis to dismiss the Complaint regardless.

## C.

The district court also dismissed Hernandez's Complaint as frivolous. We review a § 1915(e)(2)(B)(i) dismissal for a complaint as frivolous for abuse of discretion. *Butler*, 999 F.3d at 292 (5th Cir. 2021). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "[C]learly baseless" is a "category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. But an *in forma pauperis* complaint "may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* The standard to dismiss a complaint as frivolous is more exacting than the standard for failure to state a claim; accordingly, a court may hold that a complaint fails to state a claim but does not rise to the level of frivolous. *Neitzke*, 490 U.S. at 328–29 ("That frivolousness in the § 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6) accords, moreover, with the understanding articulated in other areas of law that not all unsuccessful claims are frivolous.").

At the conclusion of its analysis, the district court ruled that Hernandez's claim was "factually frivolous because the facts alleged are 'clearly baseless.'" The court, however, did not provide any reasoning for its

determination, nor did it identify which particular facts were "clearly baseless." Because the court held that the Complaint sufficiently pleaded that Hernandez has a disability and that Defendants operate a place of public accommodation, we infer that the court deemed the allegations surrounding the alleged discrimination as frivolous. The Complaint alleges that EPFH makes no exceptions for its masking policy, effectively preventing Hernandez from accessing its services. It then recounts Hernandez's attempt to access EPFH's services at a walk-up location without wearing a face covering and the resulting backlash he experienced. The Complaint also alleges that Hernandez communicated with EPFH staff in an attempt to rectify his lack of access to EPFH's services. We cannot reason that any of these facts (or the others alleged in the Complaint) are "fanciful," "fantastic," or "delusional," nor do these allegations read as "irrational" or "wholly incredible." *See Denton*, 504 U.S. at 32–33.

Although we have ruled that the Complaint is lacking in sufficient detail regarding Hernandez's communications with EPFH staff, *see supra* II.B, this deficiency alone does not render the whole complaint frivolous. Indeed, the district court recognized that the Complaint easily satisfied the first two prongs of a Title III claim. And the Complaint does contain allegations (albeit incomplete) relating to the third prong as well. None of these facts can be described as frivolous. Therefore, we hold that the district court abused its discretion in dismissing the Complaint as frivolous.

A complaint that is dismissed as frivolous is presumed to be dismissed with prejudice unless the district court "specifically dismisses without prejudice." *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997). If a court dismisses a frivolous action without prejudice, it is expected to provide reasoning for its decision. *Id.* Here, the magistrate judge recommended that the Complaint be dismissed without prejudice. The district court rejected this recommendation and dismissed the Complaint with prejudice because

(1) it found no reason that warranted an exception and (2) the magistrate judge provided no reason for his recommendation on the issue. But now that we have ruled the Complaint is not frivolous, defaulting to a dismissal with prejudice may no longer be appropriate. "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But "if a complaint alleges the plaintiff's best case, there is no need to remand for a further factual statement from the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Here, the record does not indicate that Hernandez was given an opportunity to amend his Complaint once it was screened by the magistrate judge and district court. It is also unclear to us that the Complaint alleges Hernandez's best case considering that he may only be a few factual allegations away from stating a claim. Therefore, in light of our ruling that the Complaint should not have been dismissed as frivolous, we remand this action to the district court to reconsider whether Hernandez should be given leave to amend his Complaint.[3]

### III.

For the foregoing reasons, we AFFIRM the dismissal of the Complaint for failure to state a claim, but we REVERSE the district court's holding that the Complaint is frivolous. We accordingly REMAND to the

---

[3] Hernandez filed his initial complaint on March 8, 2021, nearly two years ago. In the intervening period since this filing, many health precautions, including masking requirements, have abated. Given these general developments, it is possible that Hernandez may be seeking to enjoin a policy that is no longer in place. Therefore, the district court should consider if Hernandez's claim is moot on this basis when determining whether he should be provided with the opportunity to amend his Complaint.

No. 22-50240

district court to reassess whether dismissal with prejudice is warranted and whether Hernandez should be afforded leave to amend his Complaint.