# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-20076
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2025

Lyle W. Cayce
Clerk

The King/Morocco, *formerly known as* Myron Simms,

*Plaintiff—Appellant*,

*versus*

Greystar Corporation, Eleve' Apartments (Inter-Alia),

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-MC-1883

———————————————————————

Before Davis, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Myron Simms, appearing pro se and in the name of The King/Morocco, filed suit against his apartment complex and its owner/manager. The substance of the complaint and its attachments is that Simms was threatened with eviction for not paying rent. The complaint

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20076

mentions the Fair Housing Act,[1] and cursorily states that a pending eviction proceeding was filed in retaliation for Simms's complaints of discrimination.

Simms applied for pauper status in the district court, which was granted. At the same time, the district court screened the case under 28 U.S.C. § 1915(e)(2)(B), concluded the complaint failed to state a claim and was frivolous, and dismissed the case with prejudice.[2] Simms appealed; our review is de novo.[3]

On appeal, Simms argues his complaint states a claim in the literal sense and for support, directs us to a paragraph in it labeled "CLAIM." But the law requires more than mere labels: a complaint must contain sufficient factual allegations to state a plausible claim.[4] A claim is plausible when enough facts are alleged to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] This means "more than a sheer possibility that a defendant has acted unlawfully."[6] Allegations

---

[1] 42 U.S.C. §§ 3601–3619.

[2] District courts must dismiss in forma pauperis complaints if they "[are] frivolous or malicious; fail[] to state a claim upon which relief may be granted; or seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[3] *Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010) (per curiam) (stating standard of review of dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii)).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (stating § 1915(e)(2)(B) dismissal for failure to state a claim is reviewed using the same standard for dismissals under Federal Rule of Civil Procedure 12(b)(6)).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Id.*

No. 25-20076

that are "'merely consistent with' a defendant's liability" fall short of a plausible claim.[7]

Read generously, Simms's allegations amount to petty slights by apartment-complex staff, and not the sort of conduct necessary to establish liability under the Fair Housing Act. Accordingly, his complaint fails to state a claim under § 1915(e)(2)(B)(ii). We further agree with the district court that the complaint is frivolous under § 1915(e)(2)(B)(i).[8] We thus AFFIRM the district court's judgment dismissing Simms's claims with prejudice.[9]

---

[7] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

[8] *See Neitzke v. Williams*, 490 U.S. 319, 325 (describing contours of statutory term "frivolous").

[9] *See Marts v. Hines*, 117 F.3d 1504, 1505–06 (5th Cir. 1997) (en banc).